UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL XAVIER BELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL MARTEL, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-0063 CKD P<br><br><br>ORDER |

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that

1

1 | warrant a request for voluntary assistance of counsel.

2 |     Here plaintiff's request for counsel is more focused on obtaining an extension of time to file an amended complaint. While plaintiff states that he is under the influence of psychotropic medication which makes it "difficult to fight or participate in litigation," he has clearly and succinctly made two separate requests of the court in his motion. It appears to the court that even while medicated plaintiff is able to articulate his own claims and to serve as his own advocate. Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

    To the extent that plaintiff requests a second sixty day extension of time to file an amended complaint the court will grant the request. Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 16) is denied without prejudice;
2. Plaintiff's request for an extension of time (ECF No. 16) is granted; and
3. Plaintiff is granted sixty days from the date of this order in which to file an amended complaint.

Dated: July 6, 2017

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/ts/bell0063.31+36

2