UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL XAVIER BELL,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL MARTEL, et al.,<br><br>    Defendants. | No. 2:17-cv-00063 CKD P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On April 12, 2017, the court screened plaintiff's original complaint and dismissed claims against all defendants except Richardson and Wagner, but granted leave to amend. ECF No. 9. Plaintiff's first amended complaint is now before the court for screening under 28 U.S.C. § 1915A(a).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

    Plaintiff's first amended complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the complaint are proven,

1

plaintiff has a reasonable opportunity to prevail on the merits of an Eighth Amendment claim of deliberate indifference to plaintiff's serious medical needs against defendant E. Quinto and D. Brown. Plaintiff has also sufficiently alleged an Eighth Amendment excessive force claim against defendants Richardson, E. Espino-Acevedo, J. Wagner, T. Agapay, G. Gill, Gatchalian, Simon, J. Go, and Urquidez. Plaintiff's allegation that defendant Sergeant Spalding witnessed the use of force but failed to intervene is sufficient to state an Eighth Amendment failure to protect claim.

With respect to the other defendants and claims identified in plaintiff's first amended complaint, plaintiff fails to state a claim upon which relief can be granted. Defendants Michael Martel, John Sanzberro, and C. Shirley are only named in their supervisory capacity. As explained in this court's prior screening order, "allegations do not state a cause of action against a supervisory defendant where 'there is no allegation of a *specific* policy implemented by the Defendant[] or a *specific* event or events instigated by the Defendant[] that led to' the purportedly unconstitutional conduct." ECF No. 9 at 4 (quoting Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012) (emphasis in original)). Plaintiff's allegations fail to establish an official policy of silence implemented by defendants Martel, Sanzberro, and Shirley that led to the unconstitutional conduct alleged. See Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (stating that while the court must assume that plaintiff's factual allegations are true, it is not required to accept allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

The allegations against defendant Copeland fail to state a claim of retaliation. If plaintiff is alleging retaliation, he must establish that defendant took some adverse action against him (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal . Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)). There is no allegation that defendant Copeland's actions chilled the exercise of plaintiff's First Amendment rights or that this defendant's actions failed to advance a legitimate penological purpose. Id. In light of plaintiff's

suicidal status at the time of the events at issue, ordering plaintiff to remove his clothing and turn over his property could be viewed as reasonably advancing a legitimate correctional goal. For all of these reasons, the complaint fails to state a First Amendment retaliation claim.

**I.     No Leave to Amend**

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

For the reasons set forth above, plaintiff's allegations against defendants Martel, Sanzberro, Shirley, and Copeland fail to state claims for relief. Plaintiff has already been afforded one opportunity to cure the defects against these defendants and has failed to do so. After carefully reviewing the allegations in the first amended complaint, it is clear to the court that these deficiencies cannot be cured. Accordingly, the claims against these defendants should be dismissed without leave to amend.

**II.    Plain Language Summary for Pro Se Party**

Since you are acting as your own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The allegations in the first amended complaint are sufficient to proceed against E. Quinto, D. Brown, Richardson, E. Espino-Acevedo, J.Wagner, T. Agapay, G. Gill, Gatchalian, Simon, J. Go, Urquidez, and Sergeant Spalding. The next step in this case is for you to complete and return the service documents for these defendants that will be sent to you by the Clerk of the Court. Once

the completed service documents are returned to the court, the United States Marshall will be directed to serve the first amended complaint on these defendants.

The court has concluded that the allegations against defendants Martel, Sanzberro, Shirley, and Copeland do not state a claim and should be dismissed. The court is recommending against giving you another chance to fix the allegations against these defendants. If you do not agree with this portion of the court's order you may file written objections within 14 days. The District Court Judge assigned to this case will then determine whether defendants Martel, Sanzberro, Shirley, and Copeland are permanently removed from this case or whether you will be given another chance to state valid claims against them.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of Court randomly assign this case to a District Court Judge.

2. Service is appropriate for the following defendants: E. Quinto, D. Brown, Richardson, E. Espino-Acevedo, J.Wagner, T. Agapay, G. Gill, Gatchalian, Simon, J. Go, Urquidez, and Sergeant Spalding.

3. The Clerk of the Court shall send plaintiff twelve USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed July 7, 2017.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Thirteen copies of the endorsed amended complaint filed July 7, 2017.

5. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

////

1     IT IS HEREBY RECOMMENDED that the claims against defendants Michael Martel, John Sanzberro, and C. Shirley, as well as the retaliation claim against defendant Copeland be dismissed without leave to amend for failing to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 13, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

bell0063.1amd.new

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL XAVIER BELL<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL MARTEL, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-00063 CKD P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

　　　　Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

　　　　\_\_\_\_　　　completed summons form

　　　　\_\_\_\_　　　completed USM-285 forms

　　　　\_\_\_\_　　　copies of the First Amended Complaint

DATED:

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff