UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL XAVIER BELL,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL MARTEL, et al.,<br><br>Defendants. | No. 2:17-cv-0063 MCE CKD P<br><br>ORDER SETTING SETTLEMENT <u>CONFERENCE</u> |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. §1983. The court has determined that this case will benefit from a settlement conference. Therefore, this case will be referred to Magistrate Judge Kendall J. Newman to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #25 on January 22, 2019 at 9:00 a.m. All discovery and pretrial motion deadlines are vacated pending the settlement conference in this matter. The discovery and scheduling order will be reset if necessary following the completion of the settlement conference.

Plaintiff shall have the option to appear at the settlement conference in person or by video conference. In the event video conferencing capabilities are unavailable, plaintiff may appear by telephone. Plaintiff will be required to return the attached form advising the court how he would like to appear at the settlement conference so that the court may issue the appropriate orders. A

separate order and writ of habeas corpus ad testificandum will issue once it has been determined how plaintiff will appear.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Kendall J. Newman on January 22, 2019 at 9:00 a.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #25.

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement on the defendants' behalf shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. Plaintiff shall have the choice to attend the settlement conference in person or by video. Within ten days after the filing date of this order, plaintiff shall return the attached form notifying the court whether he would like to attend the settlement conference in person or by video. If plaintiff chooses to appear by video and video conferencing is not available, he may appear by telephone. If plaintiff does not return the form telling the court how he would like to attend the conference, the court will issue orders for plaintiff to appear by video.

5. The parties are directed to exchange non-confidential settlement statements seven days

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

prior to the settlement conference. These statements shall simultaneously be delivered to the court using the following email address: kjnorders@caed.uscourts.gov. Plaintiff shall mail his non-confidential settlement statement Attn: Magistrate Judge Kendall J. Newman, USDC CAED, 501 I Street, Suite 4-200, Sacramento, CA 95814 so that it arrives at least seven (7) days prior to the settlement conference. The envelope shall be marked "SETTLEMENT STATEMENT." The date and time of the settlement conference shall be prominently indicated on the settlement statement. If a party desires to share additional confidential information with the court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

6. The previously set discovery and pretrial motion deadlines are vacated and this case is stayed pending further order of the court.

Dated: October 30, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/bell0063.med.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL XAVIER BELL,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL MARTEL, et al.,<br><br>    Defendants. | No. 2:17-cv-0063 MCE CKD P<br><br><u>PLAINTIFF'S NOTICE ON TYPE OF APPEARANCE AT SETTLEMENT CONFERENCE</u> |

Check one:

_____Plaintiff would like to participate in the settlement conference in person.

_____Plaintiff would like to participate in the settlement conference by video/telephone.

_____    _____
Date     Michael Xavier Bell
    Plaintiff pro se

4