UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL XAVIER BELL,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL MARTEL, et al.,<br><br>  Defendants. | No. 2:17-00063-MCE-CKD (PC)<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on an Eighth Amendment deliberate indifference claim against defendants Quinto and Brown; an Eighth Amendment excessive force claim against defendants Richardson, Espino-Acevedo, Wagner, Agapay, Gill, Gatchalian, Simon, Go, and Urquidez; and, an Eighth Amendment failure to protect claim against defendant Spalding. ECF No. 22 at 2 (screening order). Currently pending before the court are defendants' motion for summary judgment based on the plaintiff's failure to exhaust his administrative remedies with respect to all claims except the excessive force claims against defendants Wagner and Richardson. ECF No.86. Plaintiff has not filed an opposition to the motion and the time for doing so has expired. For all the reasons described herein, the undersigned recommends that defendants' motion for summary judgment be granted in part and denied in part.

/////

1

### I.     Allegations in the Complaint

The claims in the first amended complaint center on events that occurred on May 5, 2016 after plaintiff reported being suicidal to staff at the California Health Care Facility ("CHCF"). ECF No. 18 at 8-15. Plaintiff alleges that during a cell extraction, defendant Richardson punched him repeatedly in the face while defendants Espino-Acevedo, Wagner, Agapay, Gill, Gatchalian, Simon, Urquidez, and Go jointly punched him in the head, chest and back and "kneed him in the legs." ECF No. 18 at 10-11. Plaintiff further alleges that the other defendants held him down while defendants Wagner and Richardson continued to punch him in the head and face. ECF No. 18 at 13. Defendant Quinto failed to report the full extent of plaintiff's injuries on a 7219 medical exam form, after being instructed not to do so, which led to lack of medical care for plaintiff's injuries. ECF No. 18 at 14-15. Defendant Brown instructed medical staff to deny plaintiff medical care until the next day. ECF No. 18 at 15. Defendant Spalding instructed his subordinates not to intervene in the incident. ECF No. 18 at 17.

### II.    Summary Judgment Standards

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials...." Fed. R. Civ. P. 56(c)(1)(A).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587.

In a summary judgment motion for failure to exhaust administrative remedies, the

defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with defendants, however. Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

### III. Exhaustion Standard

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must exhaust his administrative remedies before he commences suit. McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Compliance with this requirement is not achieved by satisfying the exhaustion requirement during the course of a civil action. See McKinney, 311 F.3d 1198 (9th Cir. 2002). Failure to comply with the PLRA's exhaustion requirement is an affirmative defense that must be raised and proved by the defendant. Jones v. Bock, 549 U.S. 199, 216 (2007). In the Ninth Circuit, a defendant may raise the issue of administrative exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc). An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006).

In order to defeat a properly supported motion for summary judgment based on a prisoner's failure to exhaust pursuant to 42 U.S.C. § 1997e(a), plaintiff must "come forward with some evidence showing" that he has either (1) properly exhausted his administrative remedies before filing suit or (2) "there is something in his particular case that made the existing and generally available remedies unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" Williams v.

3

Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5) (9th Cir. 1996)); Jones, 549 U.S. at 218.  "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" Ross v. Blake, 136 S. Ct. 1850, 1859 (2016) (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)).  If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).  If there is at least a genuine issue of material fact as to whether the administrative remedies were properly exhausted, the motion for summary judgment must be denied.  See Fed. R. Civ P. 56(a).

When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168-69.

**IV.   Defendants' Motion for Summary Judgment**

Defendants contend that plaintiff's administrative grievance filed prior to initiating this lawsuit only complained that defendants Wagner and Richardson used excessive force against him.  ECF No. 86-2 at 2.  Plaintiff did not properly exhaust his administrative remedies with respect to any of the remaining claims against the other ten defendants.  As a result, defendants Spaulding, Agapay, Gill, Brown, Go, Gatchalian, Simon, Urquidez, Espino-Acevedo, and Quinto are entitled to summary judgment.  Because defendants' motion for summary judgment is unopposed, all of the evidence presented by defendants is necessarily undisputed.

**V.   Undisputed Material Facts**

Based on the prison mailbox rule, plaintiff filed his original complaint in this action on December 23, 2016.  ECF No. 1 at 18; see also Houston v. Lack, 487 U.S. 266 (1988).  Likewise, the first amended complaint was filed on July 3, 2017.  ECF No. 18 at 21.

On May 5, 2016, plaintiff was housed in a unit at the California Health Care Facility ("CHCF") for patients with severe mental illness based on his bipolar disorder and major depression.  ECF No. 18 at 8-9.  Plaintiff informed Nurse Farmsworth that he was suicidal on that

date. ECF No. 18 at 9. After Nurse Farmsworth left, defendant Espino-Acevedo was stationed by plaintiff's cell in order to observe him on suicide watch. Id. Nurse Copeland then came to plaintiff's cell door and asked him to turn over his clothing and personal property for suicide watch. Id. She indicated that if plaintiff didn't comply, she would call the Therapeutic Strategic Intervention ("TSI") team to come and beat plaintiff. ECF No. 18 at 9. Plaintiff refused to give up his personal property because he had never had to do so before. Id.

About three hours after plaintiff reported that he was suicidal, defendant Wagner ordered plaintiff's cell door to be opened for a cell extraction. ECF No. 18 at 10. Defendants Richardson, Espino-Acevedo, Wagner, Agapay, Gill, Gatchalian, Simon, Urquidez, Go, and Copeland then ran into plaintiff's cell. ECF No. 18 at 10. Defendant Richardson punched plaintiff with closed fists and slammed him to the ground. ECF No. 18 at 10-11. Then all ten defendants "jointly punch[ed] plaintiff in the chest, back, face and the head as well as kneeing him in the legs." ECF No. 18 at 11. Other staff members held plaintiff down while defendants Wagner and Richardson punched him in the head. ECF No. 18 at 13. Next, plaintiff was placed in handcuffs and leg shackles by CDCR custody staff. ECF No. 18 at 14. During the events in plaintiff's cell, defendant Spalding instructed his subordinate officers not to intervene as they watched other defendants beating plaintiff. ECF No. 18 at 17.

As a result of defendants' actions, plaintiff suffered two black eyes, a bloody nose, a swollen face, a fractured skull, back pain, severe headaches, and burst blood vessels in his eyes. ECF No. 18 at 15. Defendant Wagner instructed defendant Quinto "to keep plaintiff's injuries to a minimum" on the 7219 medical exam form. ECF No. 18 at 15. After an initial x-ray, defendant Brown also instructed the other defendants to delay medical treatment for plaintiff until the next day. ECF No. 18 at 14-15.

The California Department of Corrections and Rehabilitation ("CDCR") provides inmates with an administrative grievance process concerning any decision, action, condition, policy or omission made by the Department or its staff which has had a material adverse effect on an inmate's welfare. Defendants' Statement of Undisputed Material Facts ("DSUMF") at ¶ 17; see also Cal. Code Regs. tit. 15, § 3084.1 (repealed effective June 1, 2020). This administrative

5

appeal process has three levels. A final decision at the third level of review generally exhausts a prisoner's available administrative remedies. DSUMF at ¶ 18. Similarly, all health care appeals had three levels of administrative review prior to September 1, 2017. DSUMF at ¶ 19.

Between May 5, 2016 and July 3, 2017, plaintiff was aware of, and used, CDCR's administrative grievance process to file both healthcare and non-healthcare related grievances. DSUMF at ¶ 20, 22, 30. Of these many grievances, appeal log number DSH-CHCF SC 16000014 was the only grievance that concerned the events of May 5, 2016 in which plaintiff complained that he "was assaulted" by defendants Wagner and Richardson during a cell extraction. DSUFM at 30-31, 40. Specifically, plaintiff complained that defendants Wagner and Richardson repeatedly punched him in the head. DSUFM at 40. Appeal log number DSH CHCF SC 16000014 states that plaintiff was "tackled by several staff members and slammed to the ground," but it does not name any other defendant besides Wagner and Richardson who were involved in the cell extraction. DSUFM at 41, 44. Nor does the grievance complain about plaintiff's medical treatment following his assault on May 5, 2016. DSUFM at 42. Further, this administrative appeal does not complain that any custody staff members stood by and watched the assault, nor does it allege that any officer instructed his or her subordinates not to intervene in the assault. DSUFM at 43. The first level of administrative review was bypassed in Appeal log number DSH CHCF SC 16000014. ECF No. 86-5 at 71. It was partially granted at the second level of administrative review in that the staff misconduct allegation was "referred to the Office of Protective Services for follow-up and investigation." ECF No. 86-5 at 77. Appeal log number DSH CHCF SC 16000014 was denied at the third level of administrative review on October 18, 2016. See ECF No. 86-5 at 69-70.

**VI.   Analysis**

Defendants' undisputed evidence establishes that plaintiff's only administrative appeal concerning the events of May 5, 2016 was Appeal Log number DSH CHCF SC 16000014 which concerned the use of force during his cell extraction. This appeal was properly exhausted at all three levels of administrative review prior to filing the instant lawsuit. The court finds that defendants have carried their initial burden of proving the availability of an administrative

1    remedy.  Therefore, the burden shifts to plaintiff to come forward with evidence that there was
2    something in his particular case that made the existing administrative remedies effectively
3    unavailable to him or that he has otherwise properly exhausted his claims with respect to the
4    remaining defendants who were not named in his grievance.  Williams v. Paramo, 775 F.3d at
5    1191.  Even though plaintiff has not filed an opposition to the summary judgment motion and
6    Local Rule 230(l) provides that a responding party's failure to file an opposition may be deemed
7    a waiver of any opposition to the granting of the motion, the court has independently reviewed the
8    evidence and record in this case in light of plaintiff's pro se status.
9         While the Supreme Court has held that the Prison Litigation Reform Act ("PLRA") does
10   not specifically require that an individual defendant has to be identified by name in an
11   administrative grievance in order to properly exhaust a claim, this may be required by the
12   particular procedural rules that a prisoner must follow.  Jones v. Bock, 549 U.S. 199 (2007).  In
13   Woodford v. Ngo, 548 U.S. 81, 89-96 (2006), the Supreme Court emphasized that proper
14   administrative exhaustion of a claim requires a prisoner to comply with all of the prison's
15   deadlines and other critical procedural rules in order to allow the agency to address the complaint
16   on the merits.  Section 3084.2(a)(3) of Title 15 of the California Code of Regulations requires an
17   inmate to "list all staff member(s) involved and shall describe their involvement in the issue"
18   being grieved.  This includes listing "the staff member's last name, first initial, title or position, if
19   known… [and] [i]f the inmate… does not have the requested identifying information about the
20   staff member(s), he or she shall provide any other available information that would assist the
21   appeals coordinator in making a reasonable attempt to identify the staff member(s) in question."
22   Cal. Code Regs. tit. 15, § 3084.2(a)(3) (repealed June 1, 2020).  The Ninth Circuit Court of
23   Appeal recently concluded that a prisoner exhausts administrative remedies "despite failing to
24   comply with a procedural rule if prison officials ignore the procedural problem and render a
25   decision on the merits at each available step of the administrative process."  Reyes v. Smith, 810
26   F.3d 654, 658 (9th Cir. 2016).  In Reyes, the Court found that plaintiff had properly exhausted his
27   administrative remedies with respect to two doctors on the prison's Pain Management Committee
28   even though they were not specifically named in plaintiff's administrative grievances.  810 F.3d

7

1  654.  In reaching this conclusion, the Court found that there must be a "sufficient connection"
2  between the claim in the administrative grievance and the unidentified defendants to allow prison
3  officials to have "notice of the alleged deprivation" and an "opportunity to resolve it."  Reyes,
4  810 F.3d at 959.

5  In this case, defendants argue that plaintiff failed to comply with the regulation that
6  required all staff members to be named in the administrative grievance.  See Cal. Code Regs. tit.
7  15, § 3084.2(a)(3) (repealed June 1, 2020).  However, plaintiff's grievance did put the prison on
8  notice of the specific conduct that defendants Agapay, Gill, Go, Gatchalian, Simon, Urquidez,
9  and Espino-Acevedo engaged in when he complained that he was slammed to the ground and
10 held down while defendants Wagner and Richardson beat him in the course of a cell extraction.
11 Plaintiff's grievance sufficiently alerted prison officials to the nature of the alleged wrong which
12 was the use of excessive force to extract him from his cell on May 5, 2016.  See Reyes, 810 F.3d
13 at 68.  This is demonstrated by the Second Level administrative response to Appeal Log number
14 DSH CHCF SC 16000014 which referred the excessive force matter to the Office of Protective
15 Services for follow-up and investigation.  See ECF No. 86-5 at 77.  This evidence demonstrates a
16 genuine dispute of material fact as to whether plaintiff exhausted his excessive force claims
17 against defendants Agapay, Gill, Go, Gatchalian, Simon, Urquidez, and Espino-Acevedo.
18 Therefore, the undersigned recommends that these defendants' motion for summary judgment
19 should be denied.

20 However, the same cannot be said with respect to the claims against defendants Quinto
21 and Brown involving inadequate medical care for his injuries.  The CDCR 602 form that plaintiff
22 completed in Appeal Log number DSH CHCF SC 16000014 mentions the injuries that he
23 received as a result of the use of force during the cell extraction, but it does not complain about a
24 lack of medical care.  Nor does Appeal Log number DSH CHCF SC 16000014 mention
25 defendant Spalding's statement to subordinate officers not to intervene in plaintiff's cell
26 extraction.  Therefore, the court finds that defendants Quinto, Brown, and Spalding have met their
27 burden of demonstrating that plaintiff did not exhaust his administrative remedies as to the claims
28 against them.  Albino, 747 F.3d at 1172.  Accordingly, the undersigned recommends granting the

motion for summary judgment as to defendants Quinto, Brown, and Spalding and dismissing them without prejudice from this action.

### VII. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing all of the arguments and exhibits filed in connection with defendants' motion for summary judgment, the magistrate judge has concluded that you have not exhausted your administrative remedies with respect to the claims against defendants Spaulding, Quinto, and Brown.  As a result, the magistrate judge is recommending that these three defendants' motion for summary judgment be granted.  If adopted by the district court judge assigned to your case, this means that your case will proceed against defendants Wagner, Richardson, Agapay, Gill, Go, Gatchalian, Simon, Urquidez, and Espino-Acevedo.  Defendants Spalding, Quinto, and Brown will be dismissed from this lawsuit without prejudice.

If you disagree with this outcome, you have thirty days to explain to the court why it is not correct.  If you choose to do this, you should label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The district court judge assigned to your case will review any objections that are filed and will make a final decision on the motion for summary judgment.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motion for summary judgment (ECF No. 86) be granted with respect to defendants Quinto, Brown, and Spalding based on plaintiff's failure to exhaust his administrative remedies.  The motion should be denied as to defendants Agapay, Gill, Go, Gatchalian, Simon, Urquidez, and Espino-Acevedo.

2. The motion for summary judgment be denied with respect to defendants Wagner and Richardson because no argument is presented that plaintiff failed to exhaust his administrative remedies concerning the claims against these defendants.

3. Defendants Quinto, Brown, and Spalding be dismissed without prejudice from this action.

1    These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after
3 being served with these findings and recommendations, any party may file written objections with
4 the court and serve a copy on all parties. Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
6 objections shall be served and filed within fourteen days after service of the objections. The
7 parties are advised that failure to file objections within the specified time may waive the right to
8 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9 Dated: July 13, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17  12/bell0063.msjexhaust.docx